UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LEATHA M. DONALD,

       Plaintiff,

                              File No.  1:13-CV-472

v.

                              HON. ROBERT HOLMES BELL

HI-TEC BUILDING SERVICES, INC.,

       Defendant.

_____/


## **O P I N I O N**

This matter comes before the Court on Defendant's motion to dismiss Count 2 of
Plaintiff's amended complaint.  (Dkt. No. 14.)  For the reasons that follow, the motion will
be granted.

## **I.**

Count 2 of Plaintiff's amended complaint is entitled "Fraudulent Misrepresentation."
(Dkt. No. 12.)  Defendant moves to dismiss Count 2 pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure for failure to state a claim on which relief can be granted because
Plaintiff's complaint does not contain sufficient factual or legal allegations to support a cause
of action for either fraudulent misrepresentation or for negligent misrepresentation.

In response, Plaintiff contends that Count 2 was mistakenly titled, and that she
intended to state a claim for negligent misrepresentation rather than fraudulent
misrepresentation.  Plaintiff contends that she has adequately stated a claim for negligent

misrepresentation, as the Rule 9(b) pleading standards that specifically reference fraud or mistake do not apply.

In support of her claim for negligent misrepresentation, Plaintiff alleges she was hired by Defendant to provide janitorial services in 2003. (Am. Compl. ¶ 7.) When Plaintiff began working for Defendant, she was asked to sign a non-compete agreement as a condition of her employment. (*Id.* at ¶ 35.) Michigan law permits an employer to obtain a non-compete covenant which protects and employer's reasonable competitive business interest. Mich. Comp. Laws § 445.774a(1). (Am. Compl. ¶ 36.) Plaintiff alleges that a non-compete agreement was not required to protect Defendant's reasonable competitive interest. (*Id.* at ¶ 37.) Plaintiff relied on her employer's knowledge of its own business and assumed that it was within Defendant's rights to require a non-compete agreement as a condition of employment. (*Id.* at ¶ 38.) Plaintiff alleges that Defendant owed her a duty of care in its representations concerning the legal terms of her employment. (*Id.* at ¶ 39). Plaintiff alleges that as a result of Defendant's misrepresentations, Plaintiff has suffered damages in that a rival cleaning corporation has stated that it could not hire her due to the non-compete agreement. (*Id.* at ¶ 40.)

## II.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal

conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d

986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir.

2008)). Under the federal notice pleading standards, a complaint must contain "a short and

plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P.

8(a)(2). The complaint need not contain detailed factual allegations, but it must include more

than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to

dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that

is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555, 570. "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. "A claim is plausible on its face if the

'plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v.*

*Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 ( 2012) (quoting

*Iqbal*, 556 U.S. at 677).

## III.

The elements of a claim of negligent misrepresentation are:

> (1) a material misrepresentation by the defendant; (2) the representation was unintentionally false; (3) the representation is made in connection with the contract's formation; (4) the defendant and plaintiff were in privity of contract; (5) the plaintiff acted in reliance on the defendant's misrepresentation; (6) resulting damages to the plaintiff; and (7) the plaintiff's damages inured to the defendant's benefit.

*Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010) (quoting *Sipes v. Kinetra, LLC*, 137 F. Supp. 2d 901, 910 (E.D. Mich.2001)). A claim for negligent misrepresentation requires Plaintiff to prove that she justifiably relied to her detriment on information prepared without reasonable care by one who owed her a duty of care. *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 686 N.W.2d 770, 783 (Mich. Ct. App. 2004), *overruled on other grounds*, *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 568 n.4 (Mich. 2012).

Defendant contends that Plaintiff has not adequately alleged a claim of negligent misrepresentation because she has neither alleged a source of any alleged duty of care, nor has she alleged what information Defendant prepared without reasonable care. In response, Plaintiff asserts that the gravamen of her negligent representation claim is that Defendant "negligently asked her to sign noncompete agreements that would not be legally enforceable." (Dkt. No. 17, Pl.'s Resp. 3.)

The Michigan Court of Appeals has "declined to extend the tort of negligent misrepresentation beyond the misrepresentation of facts that can be independently verified." *The Mable Cleary Trust*, 686 N.W.2d at 783 (citing *City Nat'l Bank v. Rodgers*, 155 Mich.App. 318, 323-324, 399 N.W.2d 505 (1986)). In other words, a claim for negligent misrepresentation must be based on misrepresentations of fact, not on opinions or omissions.

4

*Krieger v. Gast*, 4:99-CV-86, 2000 WL 288442 at \*15, 17 (W.D. Mich. Jan. 21, 2000) (holding that although company owed shareholder a duty to furnish accurate information, shareholder failed to state a negligent misrepresentation claim because the representations in the notice were not false and omissions cannot support a claim for negligent misrepresentation).

Plaintiff has not alleged that any factual representations in the non-compete agreement were false in themselves. Plaintiff's allegation that she was required to sign a non-compete agreement that was not enforceable under Michigan law does allege a misrepresentation of fact. The alleged unenforceability of the noncompete agreement is nothing more than a legal conclusion drawn by Plaintiff. Moreover, even if some or all of the non-compete agreement is unenforceable, Plaintiff has not identified any authority to suggest that an employer has a duty not to present prospective employees with non-compete agreements that are not fully enforceable. In fact, the statute Plaintiff relies on in support of her argument that the agreement was unenforceable specifically provides that courts may limit overly broad non-compete agreements after they are signed to make them enforceable. *See* Mich. Comp. Laws § 445.774a(1) ("To the extent any such agreement or covenant is found to be unreasonable in any respect, a court may limit the agreement to render it reasonable in light of the circumstances in which it was made and specifically enforce the agreement as limited.")

Because Plaintiff has failed to allege that Defendant misrepresented any "fact," and because Plaintiff has not identified the source of any duty not to present an unenforceable

non-compete agreement, the Court concludes that Plaintiff has failed to state an actionable claim for negligent misrepresentation. Defendant's motion to dismiss Count 2 of Plaintiff's amended complaint will accordingly be granted and Plaintiff's negligent misrepresentation claim (Count 2) will be dismissed.

An order consistent with this opinion will be entered.


Dated: October 3, 2013                          /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE